UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LENIECE BRUNEY,<br><br>       Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, THOMAS P. SMITH, *Individually*, and OFFICER JOHN DOE, *Individually*,<br><br>       Defendants. | Case No. 1:25-cv-02177 (JLR)<br><br>**TRANSFER ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants deprived her of her motor vehicle without due process of law. *See generally* Dkt. 1 ("Compl."). On March 18, 2025, the Court ordered Plaintiff to show cause why this action should not be transferred to the Eastern District of New York, Dkt. 10, after which Plaintiff advised the Court that she does not object to transfer, Dkt. 11. For the reasons stated below, the Court hereby transfers this action to the United States District Court for the Eastern District of New York.

  Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the judicial district where the person is domiciled. *Id.* § 1391(c)(1). An "entity with the capacity to sue and be sued in its common name . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in

question." *Id.* § 1391(c)(2). "[T]he City of New York 'resides' in both the Eastern District and Southern District of New York." *NDF1, LLC v. Cunningham*, --- F. Supp. 3d ---, 2024 WL 4509759, at *1 n.4 (E.D.N.Y. Oct. 17, 2024) (citing *Savarese v. City of New York*, No. 18-cv-05956 (ER), 2019 WL 2482387, at *4 (S.D.N.Y. June 13, 2019)).

A district court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a)." *Corley v. United States*, 11 F.4th 79, 89 (2d Cir. 2021) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)). Transfer may be *sua sponte*. *See id.* at 83, 90 (affirming *sua sponte* transfer); *Bank of Am., N.A. v. Wilmington Tr. FSB*, 943 F. Supp. 2d 417, 426 (S.D.N.Y. 2013) ("The power of district courts to transfer cases under Section 1404(a) *sua sponte* . . . is well established." (citation omitted)). In determining whether to transfer a case, courts consider:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

*Corley*, 11 F.4th at 89 (quoting *D.H. Blair & Co.*, 462 F.3d at 106-07).

Here, the Court finds that on balance, the factors weigh in favor of transferring this case to the Eastern District of New York. To begin with, Plaintiff resides in the Eastern District of New York. *See* Compl. ¶ 12. Therefore, Plaintiff's choice of forum in the Southern District is afforded less weight because Plaintiff does not reside here. *See Zepherin v. Greyhound Lines, Inc.*, 415 F. Supp. 2d 409, 411 (S.D.N.Y. 2006). Plaintiff's choice of forum is also given less weight here because "the operative facts are centered in another district." *Id.* According to the Complaint, Plaintiff's vehicle was seized from her residence in Brooklyn and subsequently taken

question." *Id.* § 1391(c)(2). "[T]he City of New York 'resides' in both the Eastern District and Southern District of New York." *NDF1, LLC v. Cunningham*, --- F. Supp. 3d ---, 2024 WL 4509759, at *1 n.4 (E.D.N.Y. Oct. 17, 2024) (citing *Savarese v. City of New York*, No. 18-cv-05956 (ER), 2019 WL 2482387, at *4 (S.D.N.Y. June 13, 2019)).

A district court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a)." *Corley v. United States*, 11 F.4th 79, 89 (2d Cir. 2021) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)). Transfer may be *sua sponte*. *See id.* at 83, 90 (affirming *sua sponte* transfer); *Bank of Am., N.A. v. Wilmington Tr. FSB*, 943 F. Supp. 2d 417, 426 (S.D.N.Y. 2013) ("The power of district courts to transfer cases under Section 1404(a) *sua sponte* . . . is well established." (citation omitted)). In determining whether to transfer a case, courts consider:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

*Corley*, 11 F.4th at 89 (quoting *D.H. Blair & Co.*, 462 F.3d at 106-07).

Here, the Court finds that on balance, the factors weigh in favor of transferring this case to the Eastern District of New York. To begin with, Plaintiff resides in the Eastern District of New York. *See* Compl. ¶ 12. Therefore, Plaintiff's choice of forum in the Southern District is afforded less weight because Plaintiff does not reside here. *See Zepherin v. Greyhound Lines, Inc.*, 415 F. Supp. 2d 409, 411 (S.D.N.Y. 2006). Plaintiff's choice of forum is also given less weight here because "the operative facts are centered in another district." *Id.* According to the Complaint, Plaintiff's vehicle was seized from her residence in Brooklyn and subsequently taken

to the 71st Precinct of the New York City Police Department, "which was, and is, located" in Brooklyn, Compl. ¶ 18, and is where both individual Defendants are employed, *id.* ¶¶ 15-16. Because Plaintiff resides in the Eastern District and the operative facts occurred in that district, "it [is] reasonable to expect that all relevant documents, witnesses, and means of process for obtaining evidence" are in the Eastern District. *Corley*, 11 F.4th at 90. The Court finds that the balance of factors weighs in favor of transferring this action to the Eastern District of New York, and that such a transfer is in the interests of justice and conveniences of the parties and witnesses. *See* 28 U.S.C. § 1404(a).

The Clerk of Court is respectfully directed to transfer this action to the United States District Court for the Eastern District of New York.

Dated: March 20, 2025
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge